Thank you. May it please the court, Rebecca Pannell on behalf of Mr. Contreras-Avina. Good to see you in person, Your Honor. Good to see you. I think the ultimate issue that is needing to be decided in this case is the weight that should be given to the warning that the BIA issued to Mr. Contreras at the close of his initial immigration proceeding. That question, that weight of that warning, is something that should be answered by the BIA in the first instance. Because of that, we ask the court to accept the government's invitation to have the BIA decide that issue under the doctrine of primary jurisdiction. Primary jurisdiction can both be mandatory and permissive. I think it's permissive in this case, and it is the appropriate outcome that the parties have agreed to. This court, as well as the Supreme Court, have made clear that the issue of whether or not someone has a good case for relief from deportation lies primarily in the hands of the Bureau of Immigration Appeals and of immigration judges, not in this court. Well, except, you know, I don't think we have a case in which, in a criminal prosecution, in the 1326 case where we've, you know, that defense is raised all the time, right, in the 1326 cases. And when it is, we don't have any authority that you remand that question back to the BIA, do we? I think it's permissive, and in this case... Well, what says it's permissive? The doctrine of primary jurisdiction is a permissive doctrine. There are cases, I think, in which it's mandatory in the regulatory context when it comes to interstate commerce. It can be required, but it's also permissive if the question before the court isn't something that this court is as equally versed in as the BIA. It's permissive in the sense that if you really want to decide the underlying question, but here the question is, you know, should the conviction be reversed? We don't care what happens to whether he's, you know, removed or not removed, or that's up to him to pursue in the administrative proceeding, but the only issue here is should the conviction be reversed, and that's not subject to primary jurisdiction, is it? But the question underlying... Correct, and this court has jurisdiction, but the question underlying that decision was whether or not there was a plausible case before the BIA. And we've never sent that back to the agency. Neither of you has cited a case that's ever been done. Not that it has been... It arises, I'm sure, thousands of times a year. And not that it's been in a published decision. I think it happens in the district court quite a bit. I think Ms. Guernsey, my coworker, did an Internet request throughout federal defenders throughout the country and asked, does this happen? And we found it to happen in New Mexico. Which is a large jurisdiction for handling these types of cases, but it happens. But had there been a conviction? Had the defendant pled? No. No. The case was pending. In pretrial, right? During a motion to dismiss procedure. So if this case were remanded, it would be similar. It would be then in the same context. If this case were remanded? If it were remanded to the district court to allow him to go before the BIA. How is that possible? Explain to me, because I want to understand your joint motion that you all have presented, which requests that this court vacate Mr. Contreras-Savina's conviction and remand the case to the district court with instructions to stay the proceedings. If we vacate the conviction, what is there to stay? The district court would stay the pretrial proceedings to allow Mr. Contreras... Wait a minute. How can there be pretrial proceedings if the conviction is vacated? There's no charge. There would still be a charge. How? The charge wouldn't be with instructions to dismiss the charge, but to allow full litigation of the motion to dismiss, which would then be stayed to see what the BIA's answer to the question is on whether or not there is possibility of relief. Just a minute. Have you ever thought of this? Once you vacate a condition, aren't you entitled, if they, you know, try to institute a charge, aren't you entitled to assert double jeopardy? Well, I think... You've been convicted and the conviction has been vacated. I think that the charge, it would depend on whether or not it's vacated with instructions to dismiss. I think it's vacated like in a suppression hearing context where perhaps certain evidence wasn't allowed in. It's vacated with instructions to allow... You're asking us to do all kinds of things now. I mean, are you going to write the opinion for us? Have you waived your right to raise double jeopardy? I don't think it's a double jeopardy issue because it has to do with the motion to dismiss. My question is, has the defendant waived the right to double jeopardy? By... Express it in an agreement with the government. Or are you prepared to do that? I am not prepared to do that, Your Honor. I have not considered that. In other words, suppose you get back to district court and say, you know, the defendant wouldn't say it to you, but say, well, I need a new attorney. I don't like this attorney. So the new attorney says, well, I'm going to plead double jeopardy. When you say that it comes back from the agency, the agency says, well, everything was hunky-dory. I mean, why wouldn't we just... If you really want to do this, vacate? Fine. It's over. No stay. Then you all can decide to do whatever you want to do. You can go back and you can work with the government in terms of sending it back to the administrative side of the house. I would have no objection to that, Your Honor. But I guess we'll ask the government whether or not they have any apprehension that you would then file a double jeopardy. I think it's different. I mean, having litigated the issues of double jeopardy, I mean, this was a conditional plea. He pled on the condition that he be allowed to appeal this issue. If he succeeds, he just goes back to pre-plea. So I don't think it raises the same kinds of double jeopardy issues. I've had a case before the court where we argue that the person pled guilty and then the court... Well, to me, you see, to me, you're just thinking out loud, and you may be right. I don't know the answer because I haven't researched it. But all I'm saying is I think this raises the issue of double jeopardy, and somebody should think about it before you say, you know, especially the government, you know. Well, I agree to vacate the conviction. And especially because I'm handling this case for my co-counsel, I can't represent that we have explicitly thought about it. I would prefer to brief it rather than make a representation on the record. Well, you have a motion before us. Yes. And like I said, the way that I'd couch that is just the thought of this being a conditional plea. It would be like any other conditional plea where you, you know, like I said, often in the suppression context, it doesn't mean there's not going to be a conviction. I know, but if you say it like any other conditional plea, it's also like any other, you know, any other vacation of a conviction. The conviction's vacated. Right. To me, I mean, it depends on how the district judge construes the conviction vacated, but it means, you know, you can't hold the defendant in custody or on bail. Right. You can't file a new charge because there'll be double jeopardy. I mean, all these questions are right, I think. And I would just leave it at that. I think, you know, to me, there's different instances. Sometimes if something after trial is vacated for lack of sufficiency of the evidence, it raises double jeopardy concerns. But many times there's just error that permits a new trial when a conviction is vacated and remanded for a new trial or a new hearing. I did have a question for you on the judicial review and the deprivation of judicial review arguments that are being made in your briefs. Are you aware of a case that was decided last week, U.S. v. Lopez? Yes, we filed a letter brief. I don't know since the court's been in session, but we did file a letter brief on Monday citing that. It seems clear to me that exhaustion of administrative remedies has been met, which is why at the outset I said I think that the primary jurisdiction is discretionary at this point. I don't think given that there's been an agreement that there was ineffective assistance of counsel, I think that given Lopez-Chavez, the only conclusion that can be raised is that exhaustion has been satisfied. Then let's talk about plausibility. Sure. You know, one of the things that struck me most when looking at plausibility is looking at what happened with the IJ. The initial IJ that didn't grant relief and then was reversed by the BIA, he made an oral decision, and right on the record said, this person, Mr. Contreras, you're not eligible for relief. The second hearing, there was some great pause with the IJ. The IJ did not immediately say, you're not entitled to relief. He said, I'm going to have to think about this, and he took 20 days to issue his adverse finding. That alone makes me think, you know, that he really had some pause in thinking about whether or not this individual who had been here since one year old should have a discretion issued in his favor. When you look at the BIA cases. Well, someone who had been here since one year old and who got convicted of a drug charge was specifically told, we're going to go ahead and let you grant your 212C application, which basically was a gift. Sure. And said, we're going to let you go ahead and continue, but don't commit another crime. Right? From the BIA. And then there's a drug trafficking charge. Correct. And just convince me that you think that can overcome the plausibility. Well, again, it goes to an individual judge's warning. I think that an individual judge should be given the chance to explain or decide whether or not that meant absolutely no other chances. Well, that's the BIA. That's the BIA. So that's a reason under primary jurisdiction to have it go back. But I think that second chances do happen. I don't give up just because as a defender that I'm given a stern warning that this is my client's last chance. Those chances do happen. There were many changes in circumstances such as a wife and a child that occurred after the first. I would also say the second offense wasn't the same as the first. The first, he admitted that he'd been trafficking in cocaine for a year and more entrenched. The second one was more of a financial needs type of offense. So there were differences. It does seem to me that the BIA is particularly concerned with people that have been here since they were babies and giving them an opportunity. I have some questions about the procedural posture of this appeal. A motion was filed in this case to dismiss the indictment. Correct. And your theory is that the court should have considered that under the doctrine of primary jurisdiction to let the BIA determine what should be done in this case. Am I correct? That's what we're asking the court to do. Yes. Now, the district court denied that motion to dismiss the indictment. The district court then proceeded to sentence the individual. And based on the plea agreement, that's not before us, but sentence the individual. Are you asking that we set aside, that we order the court to vacate the judgment of conviction and stay for their proceedings on whether the judgment should be reinstated so that you can go to the BIA and ask the question of primary jurisdiction? Is that what you want? That's probably an accurate and maybe less confusing way of expressing it, Your Honor. Okay. Thank you. Now, under that procedure, the district court really, once it, well, the convictions have already been vacated, so there's no case before the district court, so it can't, like, you know, direct the BIA to do anything, can it? It has no jurisdiction over the BIA. It's really, I mean, just something that the defendant has the option to do if he wants to. The way I understand the primary jurisdiction doctrine is, it's somewhat akin to certifying a question for review to a state supreme court, but there is no set procedure. All that would happen would be that the court would refer the question, just enter an order that this matter is referred to the BIA for resolution, but it doesn't require the BIA to accept it. The court can't do that. The district court can't do that. Well, just reading the case... Any more than you could do it or, you know, the FBI can do it. It's not an official referral, but that's what the order would say, that it stayed with a referral, and then the burden would be on Mr. Contreras to file a motion to reopen. Yes. It seems to me the only thing that's open is for Contreras to file a motion to reopen. Correct. Which would be way out of time. Depending on... The only thing he could do is, which is kind of a strange motion, is to ask the BIA to reopen sua sponte, right? Correct. And I think that if the matter were referred under primary jurisdiction, the chances of that would be enhanced. And so the order from us that you are proposing would say vacate the conviction, remand to district court to stay the proceedings, and then would we order the district court to grant the stay, and then order the district court to refer the matter to the BIA? Yeah. I would think it would be a reversal with remand and instructions, and that's what the instructions would be. My thought when I read it, when I was looking into this and discussing it with co-counsel was that it would be reversed, but it would subject to, but without prejudice, I mean subject to being reinstated depending on what the BIA determined. If the BIA determined, no, you don't have relief, then the judge would be free and it would basically be automatic that the conviction would be reinstated. I'm not sure of the answer you just gave. Are you saying that the district court should order that this matter be considered by the BIA, or are you saying to vacate what the court has done, the adjustment that was entered, and stay its proceedings to give the defendant the opportunity to seek relief from the BIA? Correct, correct. I'm not asking the district court to order the BIA to consider that. I don't think the district court can order it, but the district court's order issuing a stay can say the reason for the stay is for this referral under primary jurisdiction. I think that that language would be helpful in encouraging the BIA to exercise sua sponte. Well, it depends on how it's ordered. And if the BIA says no, not going to reopen? Then the question of plausibility would already have been decided by the district court and may need to come back to this court, but hopefully. So then you think that the conviction would just then be reinstated? That was when I initially read it, what I thought. I thought of it more similar to a suppression motion that had been reversed for inaccurate findings or something like that that could get reinstated. Well, wait a minute, wait a minute. I mean, if the conviction's vacated and you go, if anything happens in the district court at all, wouldn't they have to just take the defendant's plea again? Correct. There would need to be, and I think it would be fairly obvious what would need to be done. Okay. I think that the rest of the precincts would happen fairly quickly. All right. Thank you. Thank you. Good morning. May it please the Court, Alexander Eckstrom on behalf of the United States. Your Honors, to deal with the last question first, is the government's conception of the stay that this court would draft an order instructing the district court to stay the proceedings so that the defendant could have the opportunity to make the motion to reopen in front of the BIA, understanding that that motion under the CFR is purely discretionary with the BIA and the BIA could decide whatever it wanted to and that that decision, because of its procedural posture, wouldn't be reviewable, but that would satisfy exhaustion. And you don't have any concerns about double jeopardy? I have more now than I did 20 minutes ago, Your Honor. And do you have any thoughts on it now? I believe that a waiver of double jeopardy would be an appropriate precondition to an order. Would be inappropriate? Would be an inappropriate order. Inappropriate. Yes. Okay. Now, some reason I don't have it before me, but the joint motion I think is in terms of vacating the conviction, right? Yes, Your Honor. So if the conviction is vacated, what is left for the district court to do on remand? In other words, you can't stay something that's not ongoing. The government shares the defense's conception that we would be back in the pretrial proceedings and that then the district court would, as part of the motion, enter a stay, allow for exhaustion, and then the district court, let's assume that the BIA declines to reopen, then reissues its order based on its finding regarding probability. You know, in a way I can see that, and I think probably should be commended for this, but, you know, in other words, you, being the U.S. attorney here, is trying to do the, we'll say do the right thing in terms of giving the defense the opportunity to exhaust administrative remedies. But at the same time, I don't think either of you has come forward with any authority that sanctioned this kind of procedure, have you? It is fair to state that the only authority that either party, and the court probably saw that our briefs were fairly similar but not created jointly, was the yellow trucking lines case, dealing with primary jurisdiction, using that argument as a persuasive regimen for the court to take this action. It is entirely correct that we have been unable to find any case in which, under a collateral attack to the underlying deportation in 1326, a published opinion discussing the use of the procedure. And so I just want to make sure, because I think I heard you say something a little bit different, but maybe not. So your vision is on this, it would stay, that the district court would stay the proceedings, allowing the defendant to exhaust his administrative remedies, move to reopen, basically have the BIA decide this whole issue that remains on. And then after that, if he's not successful, or I guess if he is successful, go back to the district court, is that right? Again, yes. My conception, well, actually, now that the court raises the issue, then we would already have the district court's order on the probability analysis. We would have a factual basis as to exhaustion. I'm assuming there would have to be some procedure. Would you, is it in your mind that you would then have a whole other change of plea proceedings, or that would be reinstated somehow from before? I believe we would need, in light of vacation, I believe we would need another change of plea. And then exhaustion is complete. We would have the district court's previous ruling on the probability analysis, taking the case law from foregone IJ hearings and importing those into the foregone opportunity or the lost opportunity for a BIA hearing. And I want to address one concern which the court may have, which is the idea of are we opening a Pandora's box by what we're doing. And here we have a fairly unique situation where we have a claim of ineffective assistance of counsel alleged by the defendant to have come to his attention during these present criminal proceedings. And therefore, we have a fairly unique situation with respect to his ability to seek to reopen under the CFR. He would normally be a time or number barred. Here he can make that credible argument that he was unaware of the ineffective assistance of counsel that led to the lost opportunity. And that is some of the concerns that's seen in the primary jurisdiction cases, that it not unnecessarily delay, that it not be used in an ordinary case, and that it not frustrate prosecution. Dealing with the merits of the issue, the government would submit that the defense went back 35 years and looked for a case in which the BIA disregarded a prior warning and that there simply isn't one. And for that reason, and again, we're importing the case law that deals with the lost opportunity for IJ hearings. But even there... So that's plausibility, right? It is plausibility. I'd like to know your position, though, because I'm not sure of it after reading the briefs, on judicial review and whether or not you think that the Lopez decision recently addresses that. And then also your position that he had satisfied exhaustion, especially I'm trying to understand that in light of Gonzales v. Alobos. Oh, yes. Let's go with that one first, and then you can tell us your position. And I apologize, I did not see Chavez-Lopez, so I cannot speak to that. I can speak to Gonzales v. Alobos. You can? I can. I will attempt to. The government believes that the distinguishing factor in Gonzales v. Alobos is that while there was an IJ denial of a suppression order and an order of removal, and a BIA dismissal of that appeal, there was actually a ruling on the dismissal. And so the difference between Gonzales v. Alobos and this case was that he was denied his BIA hearing in the first instance erroneously under St. Cyr. And so it's a different factual pattern because he received that BIA. But do you dispute that he appealed the IJ's decision to the BIA? I don't. Okay. Because it seems to me Gonzales v. Alobos made no exceptions with respect to that. Once you appeal, you exhaust. So I'm trying to figure out why you think that he failed to exhaust, even though he appealed the IJ's to the BIA. I think I have the court's question. The distinction is that Gonzales v. Alobos was dealing with the issues of, talked about the three general categories, when one deals with 1326D, D1 and 2, and whether that analysis is combined or whether it's separate. Here, in Gonzales v. Alobos, there was no allegation that the lost opportunity was the result of ineffective assistance of counsel. And Iturribarria, I believe, is the case. The court makes a distinction between other claims of error and a claim of ineffective assistance of counsel, which by its nature cannot reasonably be addressed on a direct appeal or in the first instance in front of the BIA that would need to be brought by motion to reopen just by its nature. The government believes that that distinction differentiates Gonzales v. Alobos from Iturribarria. You know, this is a related point, but this discussion about Gonzales v. Alobos reminds me of it, is that we have this whole body of case law, and Gonzales v. Alobos is one of them, going into, you know, was there some constitutional defect in the BIA removal proceeding? But mainly, the body of case law is about plausibility and prejudice, right? Was the defendant prejudiced from it? But doesn't that whole body of case law tell you that the proper way to deal with this question is inquiry by the district court and the court of appeals within the context of the criminal case instead of sending it back to the BIA? We don't have any cases like, for instance, Gonzales v. Alobos. No one says, well, let's send it back to the BIA to see what they think about it. And, Your Honor, I take the court's point, but I think there is a distinction. In that case, the issue was should, in Gonzales v. Alobos, should evidence have been suppressed because of a concern regarding where the information came from? Did it come from an appropriate file or did it come from a soft file? And that was resolved. And there was really nothing else for the BIA to do. It had rendered a decision. In this instance, and again, the government believes it's sort of a rare case, what we have is a complete factual record, and we have a prior warning by the same body that would have the ability to review that record and tell this court what it would do, particularly where there is this dearth of case law on the issue. I mean, there's no case law showing that the defendant was able to succeed in the face of that prior warning. Here, it makes sense if the court does not find exhaustion for that body to reach a decision. Can I answer the first question? Thank you. You went well over time. I'll give you one minute. I just agree with Mr. Eckstrom's last point. I think that this is a unique case because, as I started out, this is about that warning, and what does the BIA really mean by it. I've seen that warning in some of the other cases, and so I think it's something that's frequently used by the BIA, and that makes this a particularly appropriate case to allow the BIA to address that issue in the first instance since they haven't before. Thank you. Thank you. Just my last question for both of you, I guess, is we have the motion that you submitted. Do you want us to act on that motion on whether or not to remit, or do you need to tweak that motion at all? In light of the Court's comments, I need to speak to assigned counsel and ask to tweak that motion. Okay. Well, can you do that by Monday? I will speak to counsel this afternoon and will endeavor to have an amended motion before the Court. Mr. Eckstrom is joining us at the conference next week. We will do our best. We can all meet at the conference next week. Okay. Thank you. Thank you, Your Honor. Thank you. The case is submitted. The case of United States v. Contreras-Avina is submitted.
judges: ALARCON, TASHIMA, MURGUIA